Good morning, Your Honors. May it please the Court, Tracy Cassidio for Petitioner-Appellant Alvaro Quezada. The District Court has already determined in this case that the prosecution failed to disclose two categories of favorable impeachment evidence related to the witness Joseph Aflage. This Court may simply look to, on de novo review, whether or not the prosecution failed to disclose that evidence with material. So in your view, we review the District Judge's finding of no prejudice de novo? Correct. Before we get to that, let me ask an exhaustion question. And this is what concerns me about the case, so I'll try to lay it out quickly. The first time this case was up here, we sent it back to the District Court and we said, we want you to do three things. We want you to figure out whether or not the claims now before us have been exhausted, two, whether they're procedurally barred, and three, and I don't think you only get to three if number two was found, if they were procedurally barred, whether it's cause and prejudice. Okay? With respect to the claims that the judge found cause for, which is to say the evidence that you've unearthed since the first proceeding, have those claims been presented to you? To a California court? The Brady and Napoui claims were presented. Right, but without this additional evidence. Correct, Your Honor. Does exhaustion require that you present them to a California court before the District Court considers them? Not in this case. I believe under Weaver, which I cited in the briefs, there is an exception when petitioner, no matter how diligent, could not have developed the evidence in state court. I understand that you shouldn't be faulted for it, but California seems to have a rule that says exactly that. If you come up with something new and it wasn't your fault, bring it to our attention and we perhaps will consider it in collateral review. And so my question is shouldn't you go back to the California court and say, gee, a district judge already found that I couldn't have made these arguments before. I now have them. California court, what do you think? I really think that there's an exception within the exhaustion doctrine when the California court has seen the allegations, has refused an evidentiary hearing, has refused discovery. Because it said, based on what you had before, based on, and let's assume they're right or wrong, that's a separate issue. Based on what you had before, there's not enough here for us to grant you all this relief. Now you've got a bunch more. And it's pretty good. At least the district judge says it's stuff that you couldn't have had before. So you've got some verification on that. So why is it, and California has a rule as I read it that says if you have new evidence that you couldn't have discovered before in support of your claims, we may not apply a procedural bar. We may not say it's too late. So tell me why it is that you shouldn't go back to the California court and say, you may have turned me down before in what I have, but I've got a lot more now, and it's quite good. You have to consider it. I don't think that exhaustion requires us to do that. Again... What decision are we reviewing? That's my difficulty. In AEDPA, AEDPA seems to contemplate that we're reviewing a state court decision. The state court decision made on the basis of what little evidence you had before might warrant a bunch of deference, and we might not overturn it, but if the state court had turned you down on all this evidence, we might come to a different conclusion. Only if you have a state court decision that was on the merits, Your Honor. Otherwise, you need not be concerned about the state court decision. Here, the state court decision was clearly on procedural grounds and didn't touch the merits, and the district court determined that. If this were a procedural decision and we concluded it was wrong, then how would we review the case and the merits? It would be de novo review without regard to the state court decision. The state court decision was expressed in the fact that it was denying the petition based on timeliness grounds. Right, but there's an exception in the timeliness thing. There's an exception that says, in the interest of justice, if you've got enough, we can let you out of the timeliness bar. And I thought what the state court said was, you really don't have enough here to make us want to get you past the timeliness bar. And what that exception is under state law is an assumption that there has been a federal constitution, and then the application of state law principles to decide whether there is sufficient prejudice, i.e., that no juror or judge would have convicted petitioner but for this error. So that exception that you're talking about is purely a state law exception. This Court in Bennett v. Mueller has decided that that is a procedural ground, not a merits ground. It's an independent procedural ground. No, I think it is a procedural ground. I'm asking a different question. The state court made a determination that you were procedurally barred. Correct. Based on the evidence in front of it, we could review that de novo, we could say. We could look through the procedural bar if we thought they were wrong, there was cause and prejudice, and then look and see whether or not they made a correct federal constitutional decision. But we would be doing that based on the evidence in front of the state court at the time, which doesn't include your two new pieces of evidence. And so my question is, how do – you shouldn't get – you shouldn't be better off because there was a procedural bar before. Somehow or another, your claims – somehow or another, we review claims made to state courts, and the whole of your claim hasn't been made to a state court here, has it? I think the allegations certainly have been made. Right. The legal arguments have been made. I think where we're disagreeing, Your Honor, is that – is whether or not 2254d applies in this case. And by the express terms of the – No, no, I'm not – that's a separate issue. Okay. The reason that we can't apply 2254d to your new evidence is no state court has ever taken a look at it. That's right. And so – so my question is, does that just – do we just move right directly to de novo review, or do we say to you, go back to the state court. If they throw you out on a procedural bar, then we'll know whether there's cause and prejudice and we can deal with it. But you ought to go back there and say, wow, when I first brought this, I didn't have very much, but now – the state is now disclosed there's a lot. So why shouldn't you bring that in state court? Okay. So to directly answer that question, I think the answer is we don't know that the state court's going to hear the claims. If they turn you down and say there's a procedural bar, then – Then we got it in front of us. See, one of my problems is the district judge didn't address it. Well, what this court told the district court to do was to hold it evidentiary first and then to decide if there was any exhaustion questions. The district court didn't reach that question. Whether it was because the district court assumed there was no exhaustion questions or whether it was because the attorney general didn't raise the exhaustion issue is unclear. But we're required, even in the absence of an express waiver by the attorney general, to consider exhaustion. Certainly you are. And in considering exhaustion, you can also consider what the principles behind requiring exhaustion are. The state court did have an opportunity to decide this claim. It had an opportunity to grant a hearing and to look into these allegations. It didn't do so. Did you ask for a hearing after? Yes, Your Honor. And the state denied a hearing. Correct. With respect to this new evidence? Now, I want to be clear. With respect to the petition that was filed before this evidence was developed. That's right. Now, with respect to when this evidence was developed, what did you do? You didn't do anything in the state court with respect to that. You went directly to federal court. We were already in federal court at that time. So with respect to this, there's two pieces of new evidence, according to the district judge in this case. Correct. With respect to those two pieces, no state court has ever evaluated them. Am I correct? That's correct. Or denied a request for a hearing with respect to evaluating them. Not with respect to those two pieces of evidence. Now, do you read Weaver as saying that this is, it says, however, new factual allegations do not render a claim unexhausted unless they fundamentally alter the legal claim already considered by the state court? That is my reading of Weaver. Well, that's not a question of a reading. That's what Weaver says. Right. But how do you read Weaver as applying to the facts in this case? The way that I see it is that we ... The worry that I have, and I want you to think about this, the worry that I have is that your argument seems to run at cross purposes then, otherwise, because you're arguing they're all new claims as it relates to your other arguments, that they're new things, and the way when I read Weaver, it says if it's new, it goes to go back. How I interpret Weaver is that the claim is not fundamentally altered when there is new evidence, even if it's on a crucial question, so long as petitioner has been diligent and that evidence could not have been developed other than in federal court. The reason this evidence couldn't have been developed in state court was because the state court denied Mr. Cazada the evidence at the time of trial prior to his filing of his state habeas petition when he requested discovery, and then also at the time of the habeas petition when they denied discovery and an evidentiary hearing formally. That's the reason I'm worried about my colleague's questions, that if, in fact, we're going to deal with Weaver's terms, why not exhaust? In Weaver, your honor, there was crucial new evidence that the state court had not heard. This court determined that it did not have to go back because the claim did not fundamentally alter. Okay. Although the legal theory, you know, how the law was applied ultimately changed because the facts changed, the court found that it was always the same claim, and I think that's true here. This has always been the same claim. It has always been a claim that the prosecution failed to disclose favorable impeachment evidence regarding the witness, Joseph Oflage, that would have undermined his credibility and would have shown that he was an informant and that his information was unreliable. The claim has not changed. The evidence has, and I think those are two separate questions. Now, what about the question that you were asked about whether we can really review the state court decision if the state court didn't have this evidence? What's your answer to why? What state court decision are we going to find unreasonable? Your Honor, if 2254D does not apply, you don't have to find any state court decision unreasonable. That standard of review only applies if 2254D applies, and that standard only applies if there's a decision on the merits by the state court. There is not such a decision here. There is only a procedural bar decision, and the cases are clear that in that case, the only concern that you have is cause and prejudice. Can Mr. Cazada show cause and prejudice for his failure to raise the claim timely in state court? He can, because the evidence was kept from him for 13 years. Now, there's surely cause, and the district judge finds the cause. The district court found cause. Found cause as to two pieces of the evidence. The question then is, that gets you past the procedural bar, and what do we then do in terms of evaluating that evidence? Do we evaluate it directly, or do we say the state court should have evaluated it, be given an opportunity to evaluate it? You might win under state law standards. The district judge here says you lose under federal standards. Right. I believe that you review this claim de novo, and just to correct your point slightly, Your Honor, we have to show both cause and prejudice to get over the state procedural bar. Right. You didn't get past it because he didn't find prejudice. He didn't find prejudice. But he found the first part. Right. But we have to show both in order to overcome the state procedural bar. All right. Let's assume you succeeded in showing cause and prejudice on the procedural question. Then Judge Hurwitz's question is, should the state court be allowed to reconsider the case in light of that, on the merits, with the additional testimony? No, Your Honor, because at that point in time, the bar has been overcome, and under Strickler v. Green and Banks v. Dredke, we have also satisfied the requirements to prove a Brady claim, and relief should be granted. Now, explain to me why we review the district court's prejudice determination de novo. It's a legal determination. I think that generally falls under a de novo review. The factual determinations would be clear error, but the legal determinations are de novo. So the things that the district court found that were facts, we would look at those. We would say, unless there's clear error, you're right. But just the application of the law that the district court also applied would be de novo. Correct. I did want to reserve a minute or two for rebuttal if I could. You may. We'll give you two or three minutes. Thank you so much. May it please the court, Deputy Attorney General Michael Katz, for responding. The Brady claim is unexhausted. So is it the state of California's position that when she goes back and tries to exhaust the Brady claim, you're not going to claim it's procedurally barred? I'm not going to claim that it's procedurally barred based on the delay between the last time and this time, but I do want to say something about that, Your Honor. I think she doesn't necessarily need to go back because this court should reject the claim under Casseffi-Stewart, which says that if it's perfectly clear the claim lacks merit, even an exhaustive claim should be denied. What if it's not perfectly clear? So just assume for a moment that it's not perfectly clear. If we told her to go back and exhaust these claims in state court, would the state take the position, yes, Judge, you can consider them? Or would the state take the position that, no, they're procedurally barred? The state would take the position that the court could consider it. Because we agree that the petitioner was diligent. We don't think there's a diligence exception to the exhaustion requirement, but we agree the petitioner was diligent. And so we would take the position that the state court could consider it. Should look at these and determine whether or not his Brady rights were violated. Correct. And I take it that would include, because it's a cumulative issue, the other Brady issues raised before, would it not? Yes. Okay. Yeah. Would it include the NAPU? Yes, it would. So in your view, he could go back to state court and say, I've got all this Brady evidence. Some of it was rejected. Some of it's not. Some of it's newly discovered. Some of it's not newly discovered. Put it all together and determine whether or not I was denied my rights. Yes, sir. Judge Whitehart, do you want to ask me a question? I can see you're not waiving exhaustion. That's correct. And by the way, not to nitpick, but nobody mentioned exhaustion below. The district court didn't mention it. Petitioner didn't mention it. Petitioner's former counsel, who was here the first time it was in court, promised in her brief that she would make sure the district court decided exhaustion. Everybody initially overlooked it. But no, we're not waiving exhaustion. Well, see, the reason I ask is we asked the district court to do three things. We asked the district court to look at exhaustion. We asked the district court to see whether or not there was a procedural bar to the claims now being asserted in federal court. And of course, you only get the cause and prejudice if there was a procedural bar. You're telling us there's no procedural bar, that the state will not assert a procedural bar to the claims that the defendant is now raising, right? I'm saying the procedural bar from the last Brady claim still applies. But we're not going to say that because Petitioner learned about evidence since then that he's barred from going back a second time. Well, that's the question. If you're not going to assert that when the defendant goes into state court that there was a procedural bar against the defendant being able to raise his Brady claims, Brady and Napier claims, my guess is we're all holding hands and singing kumbaya. If what you're saying is there is a procedural bar, then we have to determine whether the district court was right in finding cause and prejudice. Here's what I'm saying. We have a petition here. We have a petition that has a bunch of evidence. Some of it new, some of it old. And the district court never determined whether there was a procedural bar to that petition. There was a procedural bar to part of that petition, but now we have a different petition. All right, so let me clarify this, Your Honor. First of all, if it's an unexhausted claim, and if the court doesn't find under Cassette v. Stewart that it's perfectly clear that it's meritless, then Petitioner should go back and exhaust the claim. And the procedural bar that would have applied to the old Brady claim still applies. That's our position. But there's no additional bar to Petitioner going back based on the new evidence. It wasn't Petitioner's fault. I don't understand what that means. What can they, when they go back, they'll have a hearing, right? They'll have a hearing. Well, they'll ask for a hearing, and the state court will look at the pleadings and determine whether it wants to hold a hearing. So we're not saying that the procedural bar that applied to the old Brady claim shouldn't apply to the new Brady claim. What we're saying is there's nothing about the new evidence and the delay that wasn't Petitioner's fault that should bar the state court from considering the new Brady claim. But if you think the procedural bar applies to the new Brady claim, then surely the district judge should look at cause and prejudice and see whether it would. I'm trying to figure out if we tell her to exhaust and all that happens back in state court is you say, oh, this is all barred procedurally, and the state court finds a procedural bar when they're right back to where the district court ended up. So the three questions were asked. Was there exhaustion? Your position is no. Second, is she procedurally barred from bringing this petition in state court? Your position is? Our position is there's nothing about the additional delay that bars her from going back to state court. But the initial procedural bar that applied to the original Brady claim still applies to this. And to be clear, I think I lost track of your question. Here's my problem. I don't want to send this back to state court and say you have to exhaust if it's quite clear that it would be barred. And it seems to me that as I read California law, and here you have an Idaho lawyer, a California lawyer, an Arizona lawyer reading California law. It says if you've got something sufficiently new that you couldn't have discovered with due diligence before, then the fact that you're too late, that you're untimely, doesn't matter. You come back and tell us and we'll look at it and we'll determine whether it's enough to get you past your procedural bar. We have a district judge here who said, yeah, they were diligent and they discovered something in discovery that they couldn't have known before. My question is, can the defendant go back to state court and ask a judge to now evaluate this case in light of that? If the defendant can't, then I'm not eager to send them back there. If he can... I don't quite understand how your answer would work practically. That's what I'm trying to understand. They come back, they say, we want a hearing on Brady. And what you say, you can have a part hearing on Brady, you can have a hearing on... Only consider the new evidence. The covered part, but you can't have a hearing on what you previously said about it? No, Your Honor. Here's what I'm saying. First of all, if I may answer your question first. Sure. Okay. You can answer mine. Thank you. As this court, I'm sure, is well aware, the state court can deny on the merits as well Sure. We're not talking about the merits this year. That's a separate question. So, if the state court finds a procedural bar based on the old Brady claim, that still applies to the new one, then it's not prohibited from also denying on the merits. It can decide whether it wants to deny on the merits too. The question I asked was a different one. You represent the state of California. We send this back to state court and she comes in and says, here's my petition. Judge Hurwitz told me to exhaust it. And the state court says, what's your position, Mr. Attorney General? And the Attorney General should say, is going to say what? The old procedural... I know you're going to say on the merits she shouldn't win. That's a separate issue. Tell me what you're going to say procedurally. The old procedural bar still applies to this claim because there was no basis for delaying it. It was a timeliness bar last time. So there was still no basis for delaying last time. That makes it... If you take it... I don't know exactly... Okay. I understand that point. But here's what she's going to say. Look, maybe there was no basis for delaying last time, but I discovered this evidence last time. I had this evidence last time and I got this new evidence and I want trial court, I want you to look at this all holistically and determine whether there's been a Brady violation. Are you going to say, and that's a question Judge Reinhart asked you, I think, are you going to say, no, you can only consider the last two pieces, not the first two? No, I'm not going to say that. I'm going to say you can collectively consider all the evidence, but the procedural bar that applied last time still applies this time. The additional delay is not a basis for the procedural bar. So in other words, just to pick a number, I don't remember the exact year, the petitioner filed the last... But the procedural bar last time was what? There was no cause and prejudice? No, that's the exception in federal court to a procedural bar. The procedural bar was timeliness. So for example, if somebody delays five years and then brings it to the state court and the state court said, this is too late, it's untimely. You should have brought it earlier. You should have brought it earlier. Okay, but... That's not going away. The fact that it was still, the way that the debtor... They didn't have all the evidence they needed then. They didn't... I'm sorry? Yeah, let's assume she brought... I mean, all I was going to say is, that'll be their argument. What he's telling you is what his argument is going to be. But I'm trying to... Because there's one procedural bar, it doesn't matter how much evidence collects thereafter, if you can't get it done within five years, you're out. And they will have to argue the opposite. That's what I... Correct, Your Honor. I don't know that it's five years in the course of the state, but you understand my point. Yes, that's our position. Okay, so let's assume we send this back to state court. We're going to get either a decision that this is procedurally barred, right? We already know there's cause to get past the procedural bar in federal court, and then we'd have to consider prejudice. So why... If that's the case, if your intention is to argue that there's a procedural bar in state court, why shouldn't we just assume you win? I'm sorry, why shouldn't we just assume... You win. You're going to win. It hurts. Why send it back? Why send it back? Let's... Why do you want it to go back if you're going to argue a procedural bar? First of all, I don't... The district judge assumed there was. First of all, I don't necessarily want it to go back because I think it's still worth Right, but we've asked you to assume that you're not going to win on that basis. Okay. So because the state court could decide on the merits as well. You've said that you understand the state court has the option of deciding on the merits as well as imposing the procedural bar. And so if the state... So it's possible that if we send this back to state court, the state court will say, we didn't think this was so bad before, but now that we look at this additional stuff, this is a bad case and we're going to grant relief. No, I think that the state court will look at it and say, and may say it's procedurally barred. I don't think they're going to grant relief. No. I'm asking you for your prediction. I'm asking you for, is it possible, because I don't want to send it back if, if the defendant can't get relief in state court. Is it, is the state court have the power to look at the facts of this case and say, now that we know... The problem that I see with your question, Judge, is that you're binding the state. No, no. That's a different... I'm asking now about... I'm trying to make sure that you're not binding. I'm not asking for what position you're going to take. I'm just asking as a matter of California law. I think you answered this already. If we send this back, can the California state court look at the merits and make a merits determination? I think that's the answer too. And the answer is yes, they can, but it can. But I also want to add something else to Turwitz that's important to, for respondent's position. The state court can also take a look at it and say, it still fails, and it fails for these additional reasons, which would then get deference in this court. So it's, it's important not to shortchange respondent because petitioner failed to exhaust. It's true that petitioner was diligent. Okay. However, if the state court looks at it and says, we still deny it on the merits, we deny it, and we deny it for these additional reasons, those are reasons you don't have right now. And we're entitled to those reasons. And you would get deference on those reasons. Correct. So one of my concerns is, and I expressed it to, to your colleague. I don't know what we're, what state court decision we're reviewing. If we review the one that was made at the time, petitioner doesn't have a very good shot. On the other hand, the, the, the state court never viewed this additional evidence that a federal judge has found that your opponent, you know, would exercise diligence in discovering. So that's what I'm trying to figure out. So what the federal judge has found is there's cause, but there is no prejudice. Yeah, but that's the diligence. So hopefully I answered your question. Yeah, I think you answered mine. I'm not sure you answered Judge Reinhardt's. Judge Reinhardt, did I answer your question? I don't know. Is this something that requires that when the state conceals the evidence, let's assume that for the purpose of this question, and then it's developed in federal court, the federal court can't set aside the procedural bar of timeliness and proceed to the merits and therefore doesn't have to review a state court decision, but can decide de novo when the state court has concealed it? State court didn't conceal it. Well, the state has concealed it. I'm sorry to interrupt you, Your Honor. To answer your question, there's no precedent for that. And in fact, in this court... Why doesn't Weaver cover this situation? Because Weaver doesn't... You said there's no precedent. And in fact, you were going to say something else. No, actually, Your Honor, I was going to say this. In Gonzales v. Wong, which I don't think involved a procedural bar, although I don't recall. I don't recall a procedural bar in Gonzales. Right. So it was a 2011 decision from this court, and the lead opinion in a Brady claim sent the case, told the petitioner to go back and present the new evidence to the state court. So that's the circuit law that applies here. We don't dispute that petitioner was diligent, but there's no exception to the exhaustion requirement. There's no exception to the pinholster requirement. That's the remedy. If the court doesn't find her, Cassandra Stewart, then it's perfectly clear. Now let me ask you the question I started to when I interrupted you. Why doesn't Weaver, as your opponent says, cover this situation? It's the same claim. There's a Brady and Napier violation, and she just has additional evidence. Well, Judge Hurwitz, you've said a couple times now, I think, that this evidence strengthens the claim. It wasn't the word you used, but that was essential. Yeah, but why doesn't Weaver, let's assume I'm right, which would be strange. Why doesn't Weaver cover that situation? Because Weaver doesn't say that if the evidence strengthens the claim, it becomes exhausted. It's actually the opposite. This court has said in Aiken v. Spalding, which is cited on page 30 of our brief, that if a claim has significant strengthened evidence in it, that it becomes unexhausted. So it becomes a kind of a factual question. Is the evidence in this claim significantly stronger than the old claim? We think that, although it still fails in the merits, it's significantly stronger than the old claim, which everybody said before, every court that looked at the old claim said this is totally speculative. The federal district court said it, the superior court said it. So Weaver doesn't change that law. It just found that based on the facts of Weaver, it was exhausted. It didn't change the legal test for exhaustion. So Aiken v. Spalding tells us that... What happened in Weaver, they said there were additional facts, the way there are here. They said, however, it didn't change the nature of the claim. Yes. And therefore, what, therefore you proceed here. I think, I don't remember Weaver in as much detail as I'd like to right now, but what I would say is Weaver did not negate the test that if the facts significantly strengthened the evidence, that it becomes unexhausted. It essentially applied that same test and it said, we find that it's exhausted because the nature of the claim is the same, but you still have Aiken v. Spalding and all the other cases that we cite on page 30 of our brief that say, if the evidence significantly strengthens the claim, then even if the claim is the same nature, if it significantly strengthens it, it's unexhausted. Weaver did not change that. So what do you make of Weaver? What I make of Weaver is it was limited to its facts. It doesn't say that every time the petitioner comes in with new evidence, we don't care. It says, we look at the nature of the new evidence in relation to the old claim. And it follows the law in the circuit and every circuit that I'm aware of that existed before that. It's like saying, for example, well, what do we make of a Brady claim that succeeded? It doesn't mean that every Brady claim succeeds. You still have to apply the facts to the law. Could the court in Weaver have granted relief absent the new evidence? In other words, Weaver files a federal habeas petition. The judge says, I want to consider new evidence. And he does. Well, at least the court says you should consider this new evidence. Could the relief have been granted in the absence of the new evidence in Weaver? I know you don't remember. See, I'm trying to figure out, Judge Reinhardt's question troubles me. In other words, if Weaver says you should consider the new evidence if it relates to the same claim, which is a Brady-Napiew claim, then the district court should properly consider it. If Weaver says something less, I'm trying to figure out what less it means. Frankly, what Judge Reinhardt is suggesting is that Weaver says that the Brady and Napiew claims here are properly exhausted. Yeah, that's right. And I don't think based on the facts, I think the facts of Weaver are different from the facts of this case. And that's why it's unexhausted here. I also want to add something else, Judge Hurwitz. There's that issue about whether the district court's decision, excuse me, the Superior Court's decision was on the merits. So if you have a claim that, even if it's fully exhausted, if it was partly on the merits, the Superior Court is of weak intent, then under pinholster, you can't consider the new evidence here. Well, and what I'm struggling with, I understand that, I'm struggling with is whether or not we review the district judge's decision that there was no prejudice here, or whether or not we send the petitioner back to state court to exhaust his claims and then review whatever the state court does. That's the question in front of us, I think. And that depends on whether it's exhausted, Your Honor. If it's unexhausted, as we contend, you don't reach that question that you just posed unless under cassette. Unless it's so frivolous or so easy. Perfectly clear is the task under cassette. So you don't reach that question if it's unexhausted. If it's exhausted, then Petitioner's counsel is correct, it might be the only thing we agree on. So the facts are under the clear error standard, and the law is to know. So what is, is prejudice a legal determination or a factual determination? Legal. You agree with her on that, then? Yes, I think, I thought it was the same thing. I said that's two things you agree on. Yeah, you agree on two things, Ed. Yes, probably a little bit more than that. Yeah, yeah. OK. So if I may, I see there's a little bit more than four minutes remaining. I'm going to talk. We're in reverse. Oh, wow. Never mind. Well, at some point, if I, I guess, I guess I'm done. I wanted to reach the merits, but I guess I'm not allowed to. So thank you for your time. Thank you very much. I think I have two minutes. We'll make my grace to the clerk. And thank you. Thank you. The Attorney General said in his brief that Petitioner may be foreclosed from obtaining a ruling on the merits in state court if, for example, he cannot explain and justify any delays in presenting his claims there, and that depending upon the showing, Respondent might argue in the future that Petitioner's claims are defaulted. Petitioner's claims are not presumptively timely under federal law. I mean, I'm sorry, under California law. They would have to analyze the timeliness of a new petition as under an analysis that asked whether there was undue delay, or alternatively, whether there was an error of constitutional magnitude. Now, that error of constitutional magnitude exception, which is exactly what the Superior Court applied previously, only finds enough prejudice to satisfy the exception where the error led to a trial so fundamentally unfair that in its absence, no reasonable judge or jury would have convicted Petitioner. If Petitioner is forced to go back and is again procedurally barred, we're going to end up with the same decision we have. Mr. Quezada has been waiting for 15 years to get relief on this claim. He should not be required to further delay when he has made every effort to develop his claims. And to answer your question regarding Weaver, Your Honor, no, they could not have granted relief without the new evidence. They granted relief based on the new evidence, and they found the claim exhausted. But what you're really saying to us, counsel, is Weaver says this is exhausted, so use Weaver and go on to the rest of the analysis. Correct. He's suggesting it doesn't. That's the basic premise. That's correct. But Weaver is not an outlier. The Second, Fifth, and Sixth Circuits have joined the circuit in finding an exception in these special circumstances to find a claim exhausted. I see my time is up. Thank you, counsel. Thank you. Case just argued is submitted. Thank you both very much for the argument.
judges: Reinhardt, Smith, Hurwitz